IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CURTIS J. PIDGEON,

                                                              OPINION AND ORDER

                         Petitioner,

                                              13-cv-57-bbc

      v.

JUDY SMITH,

                         Respondent.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

State inmate Curtis Pidgeon has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state court conviction. After conducting a preliminary review of the petition, I directed respondent to show cause why relief should not be granted. The petition is now fully briefed and ready for decision.

I understand petitioner to be raising the following claims in his petition: (1) the trial court's decision not to hear his suppression motion violated his right to due process; (2) his plea was not voluntarily made because the state and his counsel told him, incorrectly, that he would be facing a life sentence under Wisconsin's "three strikes' persistent repeater law;

---

[1] The various documents submitted in this case list Lizzie Tegels, warden of the Jackson Correctional Institution, as respondent. However, petitioner has recently been moved to the Oshkosh Correctional Institution. Accordingly, I will substitute Judy Smith, warden of that prison, as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. I will refer to the government's filings as "respondent's" even though they were originally filed on behalf of Tegels.

and (3) his trial counsel was ineffective because he did not pursue a suppression motion and did not understand the persistent repeater law.  However, the only issue petitioner raised in either his brief or his reply was his counsel's ineffectiveness in misinforming him that he faced a life sentence under the persistent repeater law.  Accordingly, I conclude that he has waived the other issues raised in his petition.  Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009) (arguments not raised in opening brief are waived).

In addressing petitioner's ineffective assistance of counsel claim in more detail below, the initial inquiry is whether petitioner has procedurally defaulted this claim.  Because I conclude that he has not, I have addressed the merits of this claim and concluded that the Wisconsin Court of Appeals' application of federal law to petitioner's claim was unreasonable.  An evidentiary hearing will be necessary to resolve his claim.

ALLEGATIONS OF FACT

On October 2, 2007, petitioner Curtis Pidgeon was charged in the Circuit Court for Dodge County with four counts of second-degree sexual assault of a child and two counts of fourth-degree sexual assault (fourth-degree sexual assault does not require a showing that the alleged victim is a child) arising out of events occurring on September 29, 2007.  The state alleged that petitioner touched two girls in a sexual manner and had sexual intercourse with one of them.

Eventually petitioner pleaded no contest to one count of second-degree sexual assault of a child; the other counts were dismissed and read in.  Petitioner says that he was

instructed both by the prosecution and by defense counsel that if he did not accept the plea bargain, he might ultimately face life in prison under the Wisconsin "persistent repeater" law, Wis. Stat. § 939.62(2m).  Under this law, a third serious felony conviction results in "life imprisonment without the possibility of parole or extended supervision."  Counsel told petitioner that (1) he had one prior "serious felony offense" from a 1991 Dane County case; (2) the current case in Dodge County counted as another serious felony; and (3) he faced another possible serious felony (a third-degree sexual assault of an adult) in a case in Columbia County that had not yet been charged.  Defense counsel stated that he had reached an agreement with a Columbia County assistant district attorney to agree not to prosecute that case (and thus expose petitioner to the third serious felony offense), contingent on petitioner's agreeing to a plea in the Dodge County case.

> At an April 17, 2008 plea hearing, defense counsel stated that
>
> if [petitioner] were to plead to this case and then subsequently be found guilty of the [Columbia County] case . . . they're both strike offenses and he has one prior strike offense.  So that would be his third strike offense.  And that would mean that this case would cause the penalties in [the Columbia County] case to potentially be life imprisonment.  So if, in fact, that case is going to be prosecuted, I think there's a possibility that [petitioner] might take his chance with a jury in this case.  I certainly acknowledge that the evidence against [petitioner] is fairly convincing.  But if he's looking at the possibility of life imprisoned – in prison, he might put the State to its burden and require them to convince a jury of his guilt beyond a reasonable doubt.

However, as the state later conceded, petitioner's 1991 Dane County conviction for aggravated battery does not count as a serious felony under the persistent repeater law.  Thus, contrary to his lawyer's representation, even if the Columbia County case had gone forward and resulted in a serious felony conviction, petitioner would not have faced a life

sentence as a persistent repeater.  (Additionally, it is dubious whether the Columbia County case could have counted as a serious felony because third-degree sexual assault of an adult is not one of the serious felonies listed in Wis. Stat. § 939.62(2m).)  Petitioner accepted the plea agreement under which the district attorney agreed to recommend ten years of initial confinement and ten years of extended supervision.  Petitioner entered a no contest plea and was sentenced to a term matching the recommendation.

Petitioner filed a post conviction motion in state court seeking to withdraw his plea or alternatively, for a hearing on his claim of ineffective assistance.  In a meandering brief in support, he discussed the fact that his 1991 conviction was not a serious felony offense and stated that "the state . . . employed [the Columbia County case] to form the "3 Strikes bargaining chip  against [him] for the purposes of making the plea . . . more savory," he "was left bewildered by the defense counsel's uninformed advertance to this 'possibility' of the 3-strike/2-strike law coming into a sentencing issue, which is shown by the court transcripts on record" and that he "was put in a coerced, threatened and a duressful situation by his belief that he was facing the possibility of Life Imprisonment unless he took the offered plea."  Dkt. #18, Exh. 8, at 22, 32, 39.

In denying petitioner's motion for post conviction relief, the state circuit court stated in part:

> The Court sees little, if any, evidence that counsel's performance was deficient.  And, more importantly, the Court does not believe Defendant has put forth any facts that raise a genuine issue as to whether his conviction was "unreliable."  I conclude, therefore, that his request for a <u>Machner</u> hearing may be denied.

4

In this case, the defendant alleges that his court appointed attorney did a lot of things wrong. He allegedly did not attempt to suppress some DNA evidence. He allegedly conducted an ineffective investigation. He did not attach the jury instruction to the plea questionnaire. He allegedly did not advise the defendant that this was a strike offense.

In fact, it appears that the defendant was more concerned about whether his 1991 conviction in Columbia County qualified as a strike offense. [sic; the 1991 conviction was in Dane County] This court did not advise him on that topic at sentencing since that was not my case. All the court knows is that [defense counsel] and this Court both advised him that this conviction in Dodge County, upon which he has filed his post conviction motion, was a strike offense.

* * *

[Defense counsel] did a fine job. A mutual agreement was worked out, and Mr. Pidgeon got the full benefit of his plea agreement. . . . There is no merit to any claims by Mr. Pidgeon.

Petitioner appealed the denial of his post conviction motion. In an August 23, 2011

order, the Wisconsin Court of Appeals affirmed the trial court's ruling, stating in part:

A defendant is entitled to an evidentiary hearing on a postconviction motion only if the motion alleges facts that, if true, would entitle the defendant to relief. See State v. Bentley, 201 Wis. 2d 303, 309-11, 548 N.W.2d 50 (1996); Nelson v. State, 54 Wis. 2d 489, 497-98, 195 N.W. N.W.2d 629 (1972). A circuit court may, in its discretion, deny a postconviction motion without a hearing if the motion does not raise a question of fact or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief. See Bentley, 201 Wis. 2d at 309-11; Nelson, 54 Wis. 2d at 497-98. . . . Whether a postconviction motion sufficiently alleges facts to entitle a defendant to a hearing is a question of law, which we review independently. See Bentley, 201 Wis. 2d at 310.

We conclude that Pidgeon's postconviction motion does not sufficiently allege facts entitling him to a hearing. First, we reject Pidgeon's argument that counsel was ineffective for failing to determine whether Pidgeon had a prior "strike" on his record under WIS. STAT. § 939.62(2m)(b) (providing that an actor is a "persistent repeater" if the actor has been

5

convicted of a "serious felony" on two or more separate occasions, and may be sentenced to life imprisonment). Pidgeon contends that his counsel informed him that a prior conviction on his record was a serious felony under WIS. STAT. § 939.62(2m), when in fact Pidgeon had no serious felony convictions on his record. The State concedes that the record reveals that defense counsel indicated his mistaken belief that Pidgeon had a prior serious felony conviction. See WIS. STAT. § 939.62(2m)(a)2m. However, Pidgeon has not established how this information would have affected his decision to enter a no-contest plea. See Strickland v. Washington, 466 U.S. 668, 698-99 (1984) (claim of ineffective assistance of counsel requires showing that counsel's performance was deficient and prejudiced the defendant). Pidgeon does not develop an argument as to why he would have chosen to go to trial if his attorney had accurately informed him that he had no prior serious felony convictions. Even assuming, without deciding, that counsel's performance was deficient for failing to properly inform Pidgeon that he had no prior serious felony convictions, we have no basis to conclude that counsel's performance prejudiced Pidgeon's defense. See id.

Petitioner's petition for review was denied by the Wisconsin Supreme Court on January 24, 2011.

## OPINION

### A. Procedural Default

Before reaching the merits of petitioner's claim that his trial counsel was ineffective when he advised petitioner incorrectly that he was facing life in prison under the "persistent repeater" law if he did not take the plea agreement offered by the state, it is necessary to resolve a procedural question. Although the Wisconsin Court of Appeals' opinion seems to be a decision on the merits (it held that it had "no basis to conclude that counsel's performance prejudiced [petitioner's] defense"), its decision on the merits came after it discussed the question whether petitioner was entitled to an evidentiary hearing in the state

6

circuit court under <u>State v. Bentley</u>, 201 Wis. 2d 303, 548 N.W.2d 50 (1996).  If the court of appeals is correct in saying that petitioner would not have been entitled to an evidentiary hearing in the trial court, I would have to find that petitioner has procedurally defaulted his claim and cannot proceed in this court.

A habeas petitioner who misses an opportunity to present a claim properly in state court commits a procedural default that may forfeit federal review of that claim.  <u>Curtis v. Montgomery</u>, 552 F.3d 578, 582 (7th Cir. 2009); <u>see also</u> <u>Bell v. Cone</u>, 543 U.S. 447, 451 n. 3 (2005) ("[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits . . . .").  For example, if a petitioner files a motion for post conviction relief in the state trial court, alleging that he was denied effective assistance of counsel but does not say specifically what his counsel did or failed to do that was ineffective, the state courts may find that he has defaulted (or forfeited) his chance to be heard on such a motion.  <u>Bentley</u>, 201 Wis. 2d at 313.  Such a finding by the state court constitutes a procedural default by the petitioner and will bar him from proceeding further on appeal in the state courts.  It will also bar him from proceeding in federal court.

"A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment."  <u>Moore v. Bryant</u>, 295 F.3d 771, 774 (7th Cir. 2002) (citations omitted).  When a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accordance with the state's

procedural rules, this decision is said to rest on independent and adequate state procedural grounds. Kaczmarek v. Rednour, 627 F.3d 586, 591 (7th Cir. 2010); Woods v. Schwartz, 589 F.3d 368, 373 (7th Cir. 2009). In assessing whether a state court ruling rests upon an "independent and adequate" determination of state law, the federal court must refer to the decision of the last state court to have ruled on the merits. Page v. Frank, 343 F.3d 901, 905 (7th Cir. 2003). A state ground is deemed "independent" for this purpose "only if the state court actually relied on a state rule sufficient to justify its decision." Prihoda v. McCaughtry, 910 F.2d 1379, 1382 (7th Cir. 1990).

Under Wisconsin law, when a criminal defendant wishes to assert that his trial counsel was ineffective, he must file a post conviction motion in the trial court, asking for an evidentiary hearing to develop the factual basis for the claim by soliciting evidence from the allegedly ineffective attorney. Wisconsin v. Machner, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (1979). However, Wisconsin courts have held that a defendant is entitled to a Machner hearing only if he alleges facts in his post conviction motion that, if true, would entitle him to relief under Strickland. Bentley, 201 Wis. 2d at 310. Conclusory allegations without factual support are insufficient; a defendant must give the reviewing court facts that allow the court "to meaningfully assess his or her claim," including facts that allow the court to assess the claim of prejudice. Id. at 314.

The Wisconsin Supreme Court clarified the Bentley standard in State v. Allen, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433 (2004), in an effort to reduce the frequency with which defendants filed post conviction motions that fell short of alleging what is

8

necessary.  The court explained that to meet the <u>Bentley</u> standard, a post conviction motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how."  <u>Id.</u> at ¶ 23.

In this case, the question is whether the court of appeals' application of the <u>Bentley</u> standard made an "independent and adequate" determination of state law that bars further consideration by the federal court when it affirmed the denial of petitioner's post conviction motion.  Given the circumstances of the present case, I decline to make that determination, for two reasons.  First, the state has not asserted a procedural default defense and it is a defense that can be waived by the state.  <u>Perruquet v. Briley</u>, 390 F.3d 505, 515 (7th Cir. 2004).  The state suggests only vaguely in its brief that the court of appeals "fairly applied Wisconsin law on the sufficiency of motion allegations to warrant an evidentiary hearing."  Such an undeveloped argument does not require a response by the court.  <u>United States v. Olmeda–Garcia</u>, 613 F.3d 721, 723–24 (7th Cir. 2010).

Second, and perhaps the reason the state does not make much of the <u>Bentley</u> issue, is that the court of appeals did not limit its discussion to the question of procedural default.  Where the state appellate court's discussion of waiver is intertwined with its merits analysis, the state court's decision does not rest on an independent and adequate state procedural ground.  <u>Sanders v. Cotton</u>, 398 F.3d 572, 580 (7th Cir. 2005).  Courts have noted the intertwined nature of a ruling denying an evidentiary hearing regarding an ineffective assistance of counsel claim.  The District Court for the Eastern District of Wisconsin wrote that

9

Although the <u>Bentley</u>/<u>Allen</u> pleading standard may be a state procedural rule, it is a procedural rule that depends upon the merits of the federal constitutional claim that the defendant is attempting to plead. The pleading standard provides that the defendant is not entitled to an evidentiary hearing unless he alleges facts that, if true, show that he is entitled to relief under <u>Strickland</u>. To make this determination, the state court must apply <u>Strickland</u> to the facts pleaded in the postconviction motion. That is a ruling on the merits of the federal claim. Essentially, the state court determined that Ward failed to state a claim upon which relief may be granted, which, as the Seventh Circuit has held, is a decision on the merits, not procedural default. There is simply no way to separate the merits of Ward's ineffective-assistance claims from the question of whether he has pleaded valid ineffective-assistance claims. Thus, Ward has not procedurally defaulted such claims.

<u>Ward v. Deppisch</u>, 2008 WL 2694746, *8 (E.D. Wis. July 3, 2008) (citation omitted); <u>aff'd</u> <u>by</u> <u>Ward v. Jenkins</u>, 613 F.3d 692, 696-97 (7th Cir. 2010) ("The state argues that Ward procedurally defaulted his claim because he failed to fairly present the Wisconsin courts with a federal issue, and the state courts ruled against Ward based on adequate and independent state law grounds [including <u>Bentley</u>]. We disagree. A review of Ward's postconviction motion before the state court shows that he fairly presented a federal issue."); <u>see also</u> <u>Davis v. Lambert</u>, 388 F.3d 1052, 1058 (7th Cir. 2004) (concluding that failure to state cognizable claim to support evidentiary hearing is decision on merits). Accordingly I will not dismiss the petition on procedural default grounds.

A. <u>Review Under 28 U.S.C. § 2254(d)</u>

Next, I turn to the merits of petitioner's claim. The federal statute governing petitions for writs of habeas corpus, 28 U.S.C. § 2254, provides for a "highly deferential" standard of review. <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002) (internal quotation and

citation omitted).   Under 28 U.S.C. § 2254(d), a district court may not grant a state prisoner's petition

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id.

This provision means that on habeas review, federal courts are usually limited to a deferential review of the reasonableness, rather than the absolute correctness, of a state court decision.  E.g., Harrington v. Richter, 131 S. Ct. 770, 785 (2011).  For purposes of reviewing the reasonableness of the state court's decision, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 786–87.  The relevant state court decision for this court's review is the Wisconsin Court of Appeals' decision.  Stevens v. McBride, 489 F.3d 883, 902 n.2 (7th Cir. 2007) ("For purposes of our review . . . the operative state-court decision 'is that of the last state court to address the claim on the merits.'") (quoting Garth v. Davis, 470 F.3d 702, 710 (7th Cir. 2006)).  Therefore, the question in this case is whether the Wisconsin Court of Appeals' rejection of petitioner's ineffective assistance of counsel claim was either "contrary to, or involved an unreasonable application of" the federal

law clearly established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).

Under <u>Strickland</u>, a criminal defendant seeking to prove ineffective assistance of counsel must establish deficient performance and resulting prejudice.  <u>Id.</u> at 690-92.  To show deficient performance, a defendant must point to specific acts or omissions that were "outside the wide range of professionally competent assistance."  <u>Id.</u> at 690.  For its part, the court must "strongly presume[] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  <u>Id.</u>  To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.  The same two-part test set out in <u>Strickland</u> applies to challenges to guilty pleas based upon ineffective assistance of counsel.  <u>Hill</u>, 474 U.S. at 58.


1. <u>Deficient performance</u>

In determining whether a petitioner has shown that counsel's performance was deficient, "'[t]The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'"  <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366 (2010) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 688).  The Court of Appeals for the Seventh Circuit has stated, "A reasonably competent attorney will attempt to learn all of the facts of the case, make an estimate of the likely sentence, and communicate the result of that analysis before allowing the client to plead guilty."  <u>Bethel v. United States</u>, 458 F.3d 711,

12

717 (2006); see also Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000) (deficient performance prong is met where the inaccurate advice "resulted from the attorney's failure to undertake a good-faith analysis of all of the relevant facts and applicable legal principles").

The Wisconsin Court of Appeals did not evaluate whether petitioner's counsel was deficient, instead "assuming without deciding" that counsel's performance was deficient and then resting its decision on the prejudice prong.  (The state circuit court concluded that counsel was not deficient but did not directly address petitioner's argument that counsel advised him that he was facing possible life imprisonment unless he accepted the plea deal.)  Although the lack of a post conviction hearing means that neither the state courts nor this court knows precisely what steps counsel took to research the persistent repeater law and how it applied to petitioner's cases, from the available record it seems probable that he was deficient.

Most important, it is undisputed that counsel was wrong when he told petitioner that his 1991 Dane County case was a prior serious felony offense.  Moreover, as I stated above, it is also unclear why counsel thought that petitioner could have received a serious felony offense for third-degree sexual assault of an adult in the Columbia County case, since that offense is not listed in the statute as a serious felony offense.  This led petitioner to believe that he faced life in prison following adjudication of the Dodge County and Columbia County cases.  This type of mistake by counsel in advising a criminal defendant about the exposure faced by taking a plea deal versus going to trial is often considered deficient

13

performance.  E.g., Wieland v. Buss, 185 F. App'x 527, 529 (7th Cir. 2006) (counsel was ineffective for failing to advise defendant that he could not be sentenced on all counts against him and that his maximum possible sentence after trial was only 43½ years rather than 59½); Moore v. Bryant, 348 F.3d 238, 242 (7th Cir. 2003) ("Where erroneous advice is provided regarding the sentence likely to be served if the defendant chooses to proceed to trial, and that erroneous advice stems from the failure to review the statute or caselaw that the attorney knew to be relevant, the attorney has failed to engage in the type of good-faith analysis of the relevant facts and applicable legal principles, and therefore the deficient performance prong is met.").

2.  Prejudice

Of course, even assuming that counsel was deficient, petitioner must also establish prejudice.  In the case of a guilty plea, the second prong of the Strickland test requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59; see also Lafler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376, 1384 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice.").  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  The chances of prejudice need be only "better than negligible."  Julian v. Bartley, 495 F.3d 487, 498 (7th Cir. 2007) (citing Canaan v. McBride, 395 F.3d 376, 386 (7th Cir. 2005)).

14

To show a reasonable probability that he would not have entered a plea of guilty absent his attorney's deficient conduct, petitioner must do more than simply allege "that he would have insisted on going to trial"; he must also come forward with objective evidence that he would not have pleaded guilty.  United States v. Cieslowski, 410 F.3d 353, 359 (7th Cir. 2005).  Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations.  Julian, 495 F.3d at 499.

The Wisconsin Court of Appeals concluded that petitioner failed to show prejudice because he did not establish how the incorrect assessment of serious felony offenses "would have affected his decision to enter a no-contest plea" and did "not develop an argument as to why he would have chosen to go to trial if his attorney had accurately informed him that he had no prior serious felony convictions."  The court of appeals' conclusion is puzzling given its later footnote stating that it understood petitioner's argument:

> It appears from the record that the significance of calculating prior serious felonies in this case was that defense counsel had negotiated with Columbia County to agree not to pursue another serious felony charge against Pidgeon if he pled no contest in this case.  Counsel explained that the concern was that if Pidgeon pled no contest in this case, and then received another serious felony conviction, he would then face potential life imprisonment.

The trial transcripts cited by the court of appeals seem to show that the overriding concern of petitioner and his counsel was avoiding exposure to a life sentence under the persistent repeater law.  This is supported by petitioner's statement in his post conviction motion that he "was put in a coerced, threatened and a duressful situation by his belief that he was facing the possibility of Life Imprisonment unless he took the offered plea," and the following statement made in his appellate brief:

15

> At their meeting prior to sentencing, defendant was tearful in expressing that he did not want to go to prison for *Life*, and was unsure of what to do given all that was transpiring, it was *his firm belief*, that if he did not take the plea, he could face *life in prison*. He expressed to [counsel], that "we should do what you think is best, because I don't want to go to prison for life." [Counsel] urged him to take the plea stipulation.

(Emphasis in original).

The type of misinformation provided by counsel and the history of plea negotiations noted in the trial transcript suggest that this case would fall within the scope of similar cases in which courts applying Strickland and Hill have found prejudice to the petitioner. Julian, 495 F.3d at 499 (petitioner testified that he would not have gone to trial absent counsel's misinformation "grossly misstating risk of going to trial"); Wieland, 185 F. App'x at 530 (Prejudice found where "[petitioner's] assertion [that he would not have pleaded guilty] is buttressed by the sixteen-year disparity between his perceived sentencing exposure at trial versus after a plea"); Moore, 348 F.3d at 242-43 (7th Cir. 2003) ("Instead of serving 10 years if he pled guilty, or 12½-15 if he lost at trial, Moore was presented with the prospect of serving 10 years if he pled guilty or 22-27 years if he was convicted at trial. That difference nearly doubled the amount of time he would face if he proceeded to trial, and that is precisely the type of information that is likely to impact a plea decision."); cf. Lafler, 132 S. Ct. 1376 (prejudice found where counsel advised defendant to reject favorable plea deal based on deficient advice).

I qualify the similarity of this case to cases such as Moore and Julian as "potential" because of the very limited record available in the present case. A more complete record of both petitioner's and counsel's thoughts regarding the plea decision would usually be

developed in a Machner hearing, but in this case the trial court did not acknowledge petitioner's argument that counsel was ineffective for advising him that he faced a potential life sentence and ultimately denied his request for a hearing.

The Wisconsin Court of Appeals ruled on the merits of petitioner's ineffective assistance claim despite the thin factual basis to assess the merits of the claim. From its statement that "Pidgeon does not develop an argument as to why he would have chosen to go to trial," I understand the court of appeals to be saying that petitioner failed to show prejudice because he did not provide an explicit statement that, but for the deficient performance of counsel, he would not have accepted the plea. However, given the magnitude of the supposed risk averted, counsel's statements at the plea hearing, petitioner's assertions about his motivations for taking the plea deal and the longstanding principle that pro se filings should be construed liberally, the only reasonable inference from the limited record is that petitioner would not have accepted the plea deal. Of course, it is likely that a more fully formed record containing further evidence elicited from petitioner or trial counsel would shed more light on the plea decision faced by petitioner, but given the available record, I conclude that the state court's denial of petitioner's ineffective assistance of counsel claim was an unreasonable application of <u>Strickland</u> and <u>Hill</u>. <u>Hall v. Washington</u>, 106 F.3d 742, 749 (7th Cir. 1997) ("Some decisions will be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary, that a writ must issue.")

B. <u>Evidentiary Hearing</u>

The determination under 28 U.S.C. § 2254(d) that the state court's ruling was unreasonable does not end the inquiry.  Although the state court was unreasonable in concluding on an undeveloped record that there was no prejudice to petitioner, the same undeveloped record keeps me from ruling that petitioner is in custody in violation of the Constitution or laws or treaties of the United States under § 2254(a).  <u>E.g.</u>, <u>Mosley v. Atchison</u>, 689 F.3d 838, 853 (7th Cir. 2012) ("Where a habeas petitioner shows that a state court's decision denying relief was contrary to or an unreasonable application of federal law, that will often show that the petitioner is entitled to relief, but the critical point here is that it will not do so always and automatically. Whether the petitioner is actually entitled to relief—whether under § 2254(a) he is in custody in violation of the Constitution or laws or treaties of the United States—is a separate question.").

As the Court of Appeals for the Seventh Circuit stated in <u>Mosley</u>:

> The situation here is similar to that when a trial court erroneously grants a defendant's motion for summary judgment. An appellate court will assume that the plaintiff's evidence is true and will reverse the summary judgment if there are genuine issues of material fact. The appellate court's reversal, though, usually will not order that a final judgment be entered in favor of the plaintiff, but will remand for a trial to resolve those disputed issues of fact.

<u>Id.</u>  In such circumstances, the appropriate step is for the district court to conduct an evidentiary hearing to determine the missing factual components necessary to determine whether the writ should be granted.  "This inquiry is basically a fresh determination of constitutionality pursuant to § 2254(a)."  <u>Stitts v. Wilson</u>, 713 F.3d 887, 896 (7th Cir. 2013); <u>see also</u> <u>Mosley</u>, 689 F.3d at 853-54 (where state court has ruled without "a complete

18

picture of the facts relevant to [the petitioner's] claim of ineffective assistance of counsel," proper way to resolve petition is to hold hearing under § 2254(e) to determine whether counsel was so ineffective that petition should be granted) (citing <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1412 (2011) (Breyer, J., concurring in part and dissenting in part) ("If the federal habeas court finds that the state-court decision fails [§ 2254(d)'s] test . . . then [a § 2254(e)] hearing may be needed.")).

Therefore, a hearing will be scheduled to entertain new evidence not available to the state appellate court to determine whether counsel was constitutionally ineffective in fact. Petitioner will have to introduce all the evidence he would have presented had the state court allowed him a <u>Machner</u> hearing, explaining in detail counsel's defective advice and the way in which it prejudiced him.

## C. <u>Motion for Appointment of Counsel</u>

Before scheduling an evidentiary hearing, the court must resolve petitioner's motion for appointment of counsel.  The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254.  <u>See also</u> Rule 8(c) of the Rules Governing § 2254 Cases ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").  Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible."

19

18 U.S.C. § 3006A(a)(2).

In determining whether the interests of justice will be served by the appointment of counsel, the court usually considers whether petitioner has attempted to obtain representation on his own, <u>Jackson v. County of McLean</u>, 953 F.2d 1070, 1073 (7th Cir. 1992), and whether the difficulty of the case outstrips the petitioner's ability to litigate his claims himself, <u>Pruitt v. Mote</u>, 503 F.3d 647, 655 (7th Cir. 2007).  In the present case, petitioner has submitted documents indicating that several lawyers have declined to represent him.  In addition, although petitioner has done a reasonably good job of representing himself thus far, I conclude that it is appropriate to appoint him counsel to assist him with the remainder of the proceedings in this case.

However, one barrier remains.  Petitioner has not shown that he is financially eligible; he has prepaid the $5 filing fee for this case and there is no other indication of his financial status.  Accordingly, I will give petitioner a short deadline to submit a six-month trust fund account statement so that the court may make a determination regarding his financial eligibility.

ORDER

IT IS ORDERED that

1. Petitioner Curtis Pidgeon may have until December 30, 2013 to submit a six-month trust fund account statement so that the court may assess his financial eligibility for appointment of counsel.

20

2. The court will schedule a prompt evidentiary hearing following resolution of petitioner's motion for appointment of counsel.

Entered this 13th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge