IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CURTIS J. PIDGEON,

                      Petitioner,

        v.

JUDY SMITH,

                    Respondent.

OPINION AND ORDER

13-cv-57-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Curtis J. Pidgeon is seeking habeas corpus relief under 28 U.S.C. § 2254, contending that he is in custody unlawfully because he was denied the effective assistance of counsel when he was charged and convicted of second degree sexual assault in the Circuit Court for Dodge County, Wisconsin.  The petition raised two questions: (1) whether petitioner's counsel provided constitutionally ineffective assistance by informing petitioner that he faced a strong probability of a mandatory life sentence if he did not accept the plea offer proposed by the Dodge County District Attorney; and (2) if so, whether petitioner was prejudiced by this misinformation.

Under the plea offer, petitioner would receive a sentence of ten years in prison followed by ten years of supervision and the district attorney in Columbia County, Wisconsin would not prosecute him for a sexual offense in a separate case.  Petitioner alleged that his counsel had told him that if he did not accept the plea offer, his 1991 prior

1

conviction in Dane County counted as a serious felony under Wisconsin's persistent repeater statute, Wis. Stat. § 939.62; any conviction on the Dodge County charges would count as a serious felony; and he would be facing a third serious felony conviction if the district attorney decided to prosecute him in Columbia and he was found guilty.  Three convictions of serious felonies would mandate imposition of a life sentence.

In an order entered in December 2013, I found that when the Wisconsin Court of Appeals denied petitioner's appeal, its application of federal law to petitioner's claim was unreasonable under Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985).  Op. & Order, dkt. #28.  The court had assumed without deciding that counsel's performance was deficient but that petitioner had failed to show prejudice in the face of a factual record that was too undeveloped to support this holding and it failed to return the appeal to the circuit court for an evidentiary hearing, while overlooking evidence in the record that supported petitioner's claim.

The remaining issues were whether petitioner's counsel had provided ineffective assistance and, if so, whether petitioner had been prejudiced as a result. These could not be resolved without a hearing.  Counsel was appointed to represent petitioner and the hearing was held on April 25, 2014.

From the evidence adduced at the hearing, I find that counsel's performance fell below the constitutional minimum when he told petitioner, incorrectly, that he was facing a possible life sentence under Wisconsin's "three strikes law."  Counsel could not have reached this conclusion had he done the minimal research necessary to determine that petitioner's Dane

County conviction was not for a violent felony and that petitioner's conduct in Columbia County was unlikely to be charged as a felony. His performance was deficient under prevailing professional norms. Padilla v. Kentucky, 559 U.S. 356, 366 (2010).

I find also that petitioner would not have pleaded guilty to second degree sexual assault in Dodge County had his counsel not given him incorrect information. Petitioner was prejudiced by the incorrect information because it prevented him from making a reasoned decision to proceed to trial or to plead guilty. Accordingly, his petition for habeas corpus relief will be granted.

FACTS

In 2007, petitioner Curtis J. Pidgeon was charged in the Circuit Court for Dodge County, Wisconsin, with four felony counts of second degree sexual assault of a person who had not attained the age of 16 and two counts of fourth degree sexual assault. Joseph Fischer was appointed to represent petitioner. He obtained a plea offer from the Dodge County district attorney for a 20-year term under Wisconsin's Truth in Sentencing law (ten years of incarceration and ten years of extended supervision), and a promise that the district attorney for Columbia County, Wisconsin, would not prosecute petitioner for the crime of third-degree sexual assault of an adult in a separate case.

Fischer encouraged defendant to take the plea offer, telling him that otherwise he ran the risk of incurring a life term. Petitioner understood from counsel that if the charges in Columbia County were pursued after he was sentenced in Dodge County, he might be eligible for a life term

under Wis. Stat. § 939.62(2)(c), Wisconsin's "persistent repeater" law, because he had an old Dane County conviction that would count as a serious felony.

Petitioner accepted counsel's advice and entered a plea of no contest. He was sentenced to the term promised him in the plea offer. At some time after sentencing, he learned that neither his prior Dane County conviction nor the potential charges in Columbia County would have constituted serious felonies under § 939.62(2m). At that point, he filed a motion for post conviction relief in state court, asking for leave to withdraw his plea or to have a hearing on his claim that his counsel was ineffective. The trial court denied his motion, saying that he had not shown that his counsel's performance was deficient, and denied his request for a <u>Machner</u> hearing, at which he would have had an opportunity to show that his trial counsel had been constitutionally ineffective in not researching the effect of his prior conviction and the potential charge in Columbia County. <u>State v. Machner</u>, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979) (recognizing importance to claim of ineffective representation of preserving testimony of trial counsel). <u>See also</u> <u>State v. Balliette</u>, 2011 WI 79, 336 Wis. 2d 358, 805 N.W. 2d 334 (<u>Machner</u> hearing is to be provided to defendant contending that he was denied effective assistance of counsel whenever defendant has alleged sufficient facts to support claim); Wis. Stat. § 974.06 ("unless the motion [for post conviction relief] and the files and records of the action conclusively show that the person is entitled to no relief, the court shall: . . . (c) Grant a prompt hearing").

Petitioner appealed the denial of his request for a <u>Machner</u> hearing to the state court of appeals, which denied his appeal on the ground that he had failed to allege facts sufficient to

4

require such a hearing.  The appellate court rejected his argument that his counsel was ineffective in failing to determine the precise nature of his Dane County conviction before telling him that it was a serious violent felony under § 939.62(1) or (2).  The court did not comment on the assertions in petitioner's brief that his guilty plea was rendered involuntary, unknowing and unintelligent by the misinformation that his counsel provided him about the three strikes law, Ptr.'s App. Br., dkt. #10-3, at 46-47, but concluded that petitioner had not shown how this information would have affected his decision to enter a guilty plea.  ("Pidgeon does not develop an argument as to why he would have chosen to go to trial if his attorney had accurately informed him that he had no prior serious felony convictions." Wis. Ct. of App. Op., dkt. #10-6, at 2-4.)  In an order entered on December 13, 2013, I found the state court of appeals' denial of petitioner's appeal to be an unreasonable application of <u>Strickland</u> and <u>Hill</u>, 474 U.S. 52 (1985).  Petitioner had alleged in his motion for post conviction relief that he "was put in a coerced, threatened and a duressful situation by his belief that he was facing the possibility of Life Imprisonment unless he took the offered plea," Dkt. #18, exh. 8, at 39, and he said in the same document that he believed he could face life in prison if he did not take the plea offered by the Dodge County District Attorney.  <u>Id</u>. at 13.  Moreover, the court of appeals acknowledged in a footnote that it understood petitioner to be alleging that his lawyer had told him that if he pleaded no contest in the Dodge County case and then was convicted of another serious felony, he would face potential life imprisonment.  Petitioner could have put his claim more clearly and succinctly, but a fair reading supports a finding that he presented objective evidence that he would not have pleaded guilty but for the inaccurate information provided him by counsel.

Petitioner filed a petition for review in the state supreme court that was denied on January 24, 2012. He filed his motion for post conviction relief in this court exactly one year later. From the papers he filed, it appeared that he had a reasonable chance of showing that he had been prejudiced by his counsel's misinformation about the sentence he was facing. Op. & Order, dkt. #28, at 15-17. Accordingly, the matter was set for an evidentiary hearing to allow petitioner to substantiate his argument that he entered his guilty plea only because of the erroneous advice he was given.

At the hearing in this court, petitioner was represented by appointed counsel, Julie Linnen and Kelly Welsh, associate federal defenders. The state was represented by William Gansner, Assistant Attorney General for the State of Wisconsin. The only witness called by either side was petitioner.

Petitioner testified that Joseph Fischer was appointed to represent him in the Dodge County proceedings and met with him in mid-November 2007, shortly after he had been appointed, and again in January and March 2008. Shortly before the March meeting, Fischer and petitioner learned that DNA testing linked petitioner to an incident in Columbia County. That meeting took place at counsel table shortly before a hearing in petitioner's case and lasted about five minutes. Fischer told petitioner that because the DNA tests linked petitioner to the charges in Dodge County and to the incident in Columbia County and because petitioner had a prior conviction in 1991 for a serious felony in Dane County, he could be facing a life sentence. This information frightened petitioner.

In April 2008, Fischer told petitioner about a potential plea offer that had a short

6

deadline because the Dodge County district attorney had been elected to a judgeship and would be leaving office within 30 days, at which point any plea offer would expire.  Fischer told petitioner he would be looking into the Columbia County matter but that if petitioner did not take the Dodge County offer, he would be facing a life sentence.

On May 21, 2008, petitioner met with Fischer again in the bullpen of the Dodge County Law Enforcement Center for about 15 minutes.  Fischer told him he would not be charged in Columbia County if he took the Dodge County offer for ten years in prison and ten on supervision, but if he refused the offer, he could be facing another prosecution that might result in a third strike, which would subject him to a mandatory term of life.  (Fischer confirmed his analysis of the effect of the three convictions at a hearing before the presiding judge in petitioner's case at a hearing held on April 17, 2008, Dkt. #18-3, at 3.  Petitioner signed the plea offer and stipulation, but added to his signature the letters T, D and C, referring to "threat, duress and coercion."  The stipulation specified in large black letters that the offer "shall expire" and is "irrevocably withdrawn if not executed by the defendant" before 3 p.m. on May 21, 2008.  It promised that no charges would be brought against petitioner in Columbia County if the offer was accepted and it provided that the five other Dodge County charges against petitioner would not be prosecuted, but could be read-in for sentencing purposes.  Fischer told him that if he did not sign the agreement, he would be looking at life in prison.

Petitioner testified in this court that he took the plea only because he believed he was facing a life sentence otherwise and that if he had known that a life sentence was not an

option, he would have gone to trial in both the Dodge County and the Columbia County cases.  Shortly after his sentencing, he learned from his own study of the state statutes that neither the Columbia County offenses nor the Dane County conviction constituted serious felonies under § 939.62.

On cross examination, petitioner testified that he understood that had he succeeded in overturning his Dodge County conviction, Columbia County would have been free to prosecute him for the charge it had dropped earlier.  He testified that he understood that because he pleaded guilty, he did not have to stand trial for the six charges brought against him in Dodge County.

OPINION

Although I have concluded that the state court applied <u>Strickland</u> and <u>Hill</u> unreasonably in denying petitioner's request for a <u>Machner</u> hearing, the undeveloped state record was insufficient as a basis for determining whether petitioner *actually* failed to receive effective assistance of counsel.  The remaining questions—whether counsel's representation fell below the range of competence demanded in criminal cases and whether this prejudiced petitioner—could not be resolved without further development of the facts, which took place at the April 25, 2014 hearing.

Petitioner's testimony that his counsel gave him inaccurate advice about his plea is uncontested.  Counsel's failure to ascertain the actual effect of petitioner's 1991 Dane County conviction and whether the Columbia County charges could be prosecuted as serious

8

felonies was not representation that is "'within the range of competence demanded of attorneys in criminal cases.'" Strickland, 466 U.S. at 687 (quoting McMann v. Richardson, 397 U.S. 759, 770 (1970)).  At a minimum, reasonable counsel would have investigated petitioner's prior felony conviction in Dane County to determine whether it would qualify as a serious felony under the persistent repeater statute before telling petitioner that he faced a life sentence if he did not plead guilty in Dodge County.  Counsel might not have been able to determine in advance exactly how Columbia County would charge petitioner for the alleged criminal conduct in that county, if it did, but a reasonably capable lawyer would have made inquiries about the nature of the conduct to determine the likelihood that it would be charged as a serious felony.  He would not tell a client that he faced a mandatory life sentence without undertaking an investigation to determine that the advice was accurate.

Strickland, 466 U.S. 668, established a two-part test for a claim of actual ineffectiveness: a showing of deficient performance *and* a showing of prejudice.  Deficient performance can be found where "the identified acts or omissions were outside the wide range of professional competent assistance."  Id. at 690.  The Court of Appeals for the Seventh Circuit has held that the "'deficient performance prong is met where the inaccurate advice 'resulted from the attorney's failure to undertake a good-faith analysis of all of the relevant facts and applicable legal principles.'" Moore v. Bryant, 348 F.3d 238, 242 (7th Cir. 2003) (quoting Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000)). "When the attorney fails to do that and the failure is the decisive factor in the decision to plead guilty, the Sixth Amendment is violated and the defendant may withdraw his plea." Id. at 241.

9

Prejudice is for the petitioner to show, <u>Strickland</u>, 466 U.S. at 693, and he can do so "by proving that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694.  The only evidence on this point is petitioner's unrebutted testimony:  he would have taken his chances at trial in Dodge County had his counsel not told him, inaccurately, that he ran a strong risk of getting a life sentence under the persistent repeater statute.  <u>Wieland v. Buss</u>, 185 Fed. Appx. 527 (7th Cir. 2006) (defendant given advice that was objectively unreasonable must show reasonable probability that he would not have pleaded guilty if not for counsel's error). Respondent has neither adduced any evidence that would tend to call petitioner's testimony into question nor suggested that even if counsel misrepresented the potential sentence petitioner could receive, it was not significantly different from what he could actually have received.  I find petitioner's testimony credible.  Accordingly, the petition will be granted.

                                    ORDER

     IT IS ORDERED that petitioner Curtis J. Pidgeon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is GRANTED.  Petitioner is to be released within 60 days of the issuance of this court's mandate unless the state advises the court before then that it intends to provide petitioner a prompt trial.

     Entered this 29th day of August, 2014.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge

                                     10

11